**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED: JUNE 30, 2008
08CV3720
JUDGE NORDBERG
MAGISTRATE JUDGE COLE
YM

**LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

**Case No.**

**BUILDERS TEAM INCORPORATED, an involuntarily dissolved Illinois corporation, and GUILLERMO HERRERA, individually,**

**Defendants.**

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy Carollo, and Charles Ingrassia, for their Complaint against Defendants Builders Team Incorporated and Guillermo Herrera, individually, state as follows:

## COUNT I

### (Failure To Submit To An Audit)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Builders Team Incorporated (the "Company") is a dissolved Illinois corporation. The Company was involuntarily dissolved by the Illinois Secretary of State on April 1, 2006. Despite its standing as an involuntarily dissolved corporation, the Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant Guillermo Herrera ("Herrera" and hereinafter the Company and Herrera will be collectively referred to as the "Defendants") is and was at all times relevant herein the President and registered agent of the Company. Herrera was the President of the Company at the time of involuntary dissolution and prior to the involuntary dissolution, and is joint and severally liable for all debts and liabilities of the Company to the Funds incurred in carrying on the Company's business after the involuntary dissolution. 805 ILCS 5/1 et seq.

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund

("CARCO"), and the Will-Grundy Industry Advancement Trust ("WGC") to act as an agent in the collection of contributions due to those funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

12. Notwithstanding its obligations under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

a. failed to submit its books and records to an audit for the period of December 16, 2002 forward, thereby depriving the Funds of information and income necessary to administer the Funds; and

b. failed to obtain and maintain a surety bond.

13. The Company's actions in failing to submit to an audit and to obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Participation Agreements and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, accumulated interest and accumulated liquidated damages on late reports, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

15. Pursuant to 805 ILCS 5/3.20, Herrera is personally liable for all unpaid contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs which arose after the Company was involuntarily dissolved by the Illinois Secretary of State.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Builders Team Incorporated and Guillermo Herrera:

a. ordering the Defendants to submit their books and records to an audit upon demand for the period of December 16, 2002 forward;

b. ordering the Company to obtain and maintain a surety bond in accordance with the terms of the Agreement; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

## (Failure To Submit To An Audit)

16. Plaintiffs reallege paragraphs 1 through 10 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Defendants have failed to submit their books and records to a requested audit for the period of December 16, 2002 forward, thereby depriving the Union of information necessary to administer its operations.

19. Pursuant to the Agreement, the Defendants are liable to the Funds for the unpaid union dues, as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court order Defendants Builders Team Incorporated and Guillermo Herrera to submit their books and records to an audit for the period of December 16, 2002 forward and enter judgment against the Defendants for the amount of the union dues owed to date together with all liquidated damages, liquidated damages on late

reports, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

June 27, 2008

Laborers' Pension Fund, et al.

By: ______________________
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

Rx Date/Time SEP-12-2003(FRI) 14:42 312 726 8819 P.007

SEP 12 '03 14:52 FR DALEY & GEORGE LTD 312 726 8819 TO 17089477295 P.07/08

JUL-29-2003(TUE) 09:25 LABORERS PENSION FUND (FAX)708 947 7295 P.005/005



# CONSTRUCTION & GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

[illegible]

Date: 12-16 2002

Builders Team 20382

ACCEPTED:

Laborers' Local Union No. ONE

FEIN No.: 35-2189857

By: [signature]

By: Guille Herrera

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]

Frank Riley, President & Secretary-Treas.

(Signature)

By: [signature]

3101 Rosielane ct. Posicrepe

(Address)

So. Chicago Hts. IL 60411

(City, State and Zip Code)

For Office Use Only: GACNI/CAWCO

708 203 1166

(Telephone/Fax)

RECEIVED JAN 9 2002 FIELD DEPT

EXHIBIT A

tabbies